UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER WALKER, | ) | CASE NO. 4:20-cv-917 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| WARDEN MARK K. WILLIAMS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

**I.  BACKGROUND**

Petitioner Walter Walker ("Walker") is a federal inmate confined at the Federal Correctional Institution Elkton ("FCI Elkton"). Acting *pro se*, he has filed an Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from prison to home confinement on the basis of the COVID-19 pandemic and the outbreak of the virus at FCI Elkton. (Doc. No. 1.)

In his petition, Walker contends the conditions under which is incarcerated at FCI Elkton violate his rights under the Eighth Amendment, and he is at a heightened risk of contracting COVID-19 due to his hypertension, obesity, and low hemoglobin. (*See id*. at ¶ 14.) He does not represent that he has exhausted his administrative remedies with respect to his claim. Rather, conceding that he has not exhausted his administrative remedies, he asserts that "none of his administrative procedures are adequate" under the circumstances. (*Id*. at ¶ 18.).

## II.     STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the petition must be dismissed.

This Court recently considered and denied without prejudice a motion Walker brought seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to COVID-19 circumstances. The Court denied the motion because Walker failed to demonstrate he exhausted his administrative remedies with respect to his request for compassionate release with the Bureau of Prisons ("BOP"). *See United States v. Walker*, 1-16-cr-41, 2020 WL 1904057 (N. D. Ohio Apr. 17, 2020). As the Court explained in its order denying the motion, strict compliance with § 3582(c)(1)(A)'s exhaustion requirement is warranted due to "lack of any indication" that the exhaustion requirement is discretionary, **and**, because the BOP is in "the better position to understand an inmate's health and circumstances relative to the rest of the prison population and identify 'extraordinary and compelling reasons'" for compassionate release in the first instance. (*Id*. at *2.)

This Court has also now ruled, in the context of a petition brought by a federal prison seeking habeas corpus on the basis of the COVID-19 pandemic, "that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to [1]8

2

U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241." *Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020). "It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies." *Id*. (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981)). Thus, regardless of the statutory underpinning for Walker's request for release due to the COVID-19 virus, *i.e*., 28 U.S.C. § 2241 or 18 U.S.C. § 3582, he is not entitled to relief until he has exhausted available administrative remedies with the BOP.

### III. CONCLUSION

Accordingly, in that Walker has failed to exhaust his administrative remedies, the petition is denied and this action is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 7, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**